UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIDGET S.,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 2:19-cv-01292-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled, ccontending the ALJ misevaluated (1) the opinions of Geordie Knapp, Psy.D., Dawn Ehde, Ph.D., Carolyn Taylor, M.D., Kenneth Hapke, Ph.D., Edward Beaty, Ph.D., (2) her testimony; and (3) her brothers' testimony. She requests the Court remand the case for an award of benefits. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**A.    Medical Opinions**

*1.    Dr. Knapp*

The ALJ did not consider Dr. Knapp's psychological evaluation because plaintiff submitted it fewer than five days before the hearing. Tr. 35-36. The Court need not resolve whether the ALJ erred in so doing because plaintiff subsequently submitted the evaluation to the

Appeals Council which made it part of the record. Tr. 64-66. Under these circumstances, the Court considers "both the ALJ's decision and the additional material submitted to the Appeals Council," to determine if the ALJ's decision is supported by substantial evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir.1993).

Dr. Knapp opined plaintiff is markedly impaired in her ability to understand and persist in following detailed instructions; learn new tasks; make simple work-related decisions; and severely limited in her ability to perform activities within a schedule, maintain regular attendance and be punctual and complete a normal work day or week. He opined plaintiff's overall severity rating was "severe." Tr. 65. These limitations were not considered by the ALJ or the vocational expert (VE). The VE testified a worker who was off-task more than 10 percent of the time or who missed more than one day a month would not be able to maintain employment. Tr. 119. Dr. Knapp's opinions accordingly undermine the ALJ's disability determination, and the matter accordingly must be remanded for consideration of the doctor's opinions.

### *2.     Dr. Ehde*

Dr. Ehde performed a neuropsychological evalution which the ALJ gave some weight because the doctor is a specialist who examined plaintiff and based her opinions upon objective clinical tests. Tr. 46. Dr. Ehde opined plaintiff's test scores indicated plaintif would have significant difficulties succeeding in competitive work. Tr. 458. The ALJ rejected the opinion first finding it "excessive." *Id.* Rejecting a doctor's opinion as "excessive" is a conclusory statement and thus erroneous. *See e.g. Embrey v. Bowen*, 849 F.2d 418 (9th Cir.1988) (conclusory reasons will not justify an ALJ's rejection of a medical opinion.).

The ALJ next rejected the opinion finding the ability to work is a finding reserved to the ALJ. While the legal determination of whether claimant's ability or inability to work is reserved

to the ALJ, the ALJ must nonetheless provide valid reasons to reject a medical opinion about the severity of a claimant's limtiations. Dr. Ehde opined plaintiff's limitations would serverly affect her ability to performa gainful work based upon her examination and test results. The ALJ is thus required to explain why the Doctor's conclusion overstate plaintiff's limitations and cannot simply say the final disability determination is reserved to the Commissioner.

And finally the ALJ found Dr. Ehde's opinion to be inconsistent with the doctor's obervations that plaintiff had no difficulties in comprehending or following instructions; no sensory or auditory or visual difficulty, maintain appropriate affect, displayed no abnormal speech or language; had average memory and did better learning simpler information. Tr. 46-47. The ALJ's rational disregards several findings Dr. Ehde made.

The doctor found past information showed plaintiff had average mental abilities but the tests the doctor administered "indicate a decline in several areas including executive functioning, memory, language and proceesing speed." Tr. 458. The doctor found plaintiff tended to make repeated mistakes and not learn despite corrective feedback; plaintiff's processing speed naming and verbal fluency were lower than expected for her age and education; plaintiff's "awareness and self-monitoring of her cognitive changes may be reduced" and though plaintiff has interpersonal skills she may have problems keeping up with work pressures due to impaired memoray and reduced executive functioning. Tr. 458-59.

The ALJ failed to give sufficient reasons to discount these findings and the Court accordingly concludes susbstantial evidence does not support the ALJ's assessment of Dr. Ehde's opinions in light of the actual findings and explanations the doctor made.

### *3. Dr. Taylor*

The ALJ rejected Dr. Taylor's opinion plaintiff could not work because of cognitive dysfunction, problems with memory, concentration, judgment, bladder problems and the inabililty to perform even a low stress job. Tr. 45-46. The ALJ first found neither Dr. Hapke nor Dr. Edhe found plaintiff could not handle stress. Tr. 46. In 2015, Dr. Hapke opined plaintiff could tolerate "work stressors." Tr. 446. However, in 2016, Dr. Edhe found plaintiff had "declined in several areas," Tr. 458,and plaintiff "may have difficulties in keeping up with work pressures in a work setting due to impaired memory and executive functioning," Tr. 459, which supports Dr. Taylor's opinion. The longitudinal record indicates plaintiff has worsened since Dr. Hapke performed a one-time examination of her in 2015. The ALJ affirms this finding plaintiff was more impaired than Dr. Hapke assessed based upon Dr. Ehde's later test results.

The ALJ also rejected Dr. Taylor's opinion because Drs. Ehde and Hapke found plaintiff's mental status examination was withing the normal range and there was no evidence of mood, anxiety or other psycholgocial disorder. Dr. Taylor opined plaintiff has "cognitive dysfunction secondary to MS and neurogenic bladder, not that plaintiff was mentally impaired from mood or other pychological disorders. The ALJ thus relied upon a rationale that does not go to or contradict the basis of Dr. Taylor's opinions.

The ALJ also observed Dr. Taylor's 2016 treatment note indicated plaintiff was not "suitable to return to work. Tr. 46. The Court need not address this finding because as discussed above, the ALJ erred in rejecting Dr. Taylor's opinions about the severity of plaintiff's cognitive and neurogenic bladder impairments.

### *4.     Dr. Hapke*

The ALJ gave Dr. Hapke's opinion partial weight finding plaintiff is more limited than Dr. Hapke found based upon Dr. Ehde's neuropsychological test results. Tr. 47. The Court need not discuss the ALJ's treatment of Dr. Hapke's opinion, in light of the ALJ's misevaluation of the opinions of Drs. Taylor and Ehde. On remand the ALJ may reassess Dr. Hapke's opinion along with reassessing the other medical opinions.

### *5.     Dr. Beaty - Reviewing Doctor*

The ALJ erred in rejecting the opinions of Drs. Taylor and Ehde, and Dr. Knapp's opinions which are part of the record undermine the ALJ's disability determination. The Court therefore need not discuss the reviewing doctors' opinions. The case will be remanded and the reviewing doctors' opinions may necessarily need to be revisited in light of that reassessment.

**B.     Plaintiff's Testimony**

The ALJ rejected plaintiff's testimony about the severity of her mental limiations on the grounds it is inconsistent with the medical evidence. However as noted above the ALJ erred in rejecting the opinions of the treating and examining doctors' opinions which largely support plaintiff's testimony. Accordingly, on remand the ALJ shall reassess plaintiff's testimony in light of the reevaluation of the other medical evidence.

**C.     Lay Testimony**

The ALJ rejected the testimony of plaintiff's brothers on the grounds they are not "acceptable medical sources" and their testimony does not outweigh the medical evidence. The former rationale is invalid; otherwise all lay testimony could be rejected just because it is non-medical. The latter rationale fails in light of the ALJ's misevaluation of the medical evidence

discussed above. On remand the ALJ shall reassess plaintiff's testimony in light of the reevaluation of the other medical evidence.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The ALJ did not consider Dr. Knapp's opinions and rejected plaintiff's and the lay testimony based upon a misevaluation of the other examining and treating medical opinions. Because the ALJ should reassess this evidence, the Court finds further proceedings would be beneficial and that remand for further proceedings is appropriate.

On remand, the ALJ shall reassess the opinions of Drs. Knapp, Taylor, Ehde; reassess the testimony of plaintiff and the lay witnesses; develop the record and redetermine the RFC as needed and proceed to step five as appropriate..

DATED this 18th day of February, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge